IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| TRACIE HALL, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | CIVIL ACTION NO.: |
| v. ) | |
| ) | |
| CURO HEALTH SERVICES, ) | JURY DEMAND |
| LLC, ) | |
| ) | |
| DEFENDANT. ) | |
| ) | |

## COMPLAINT

**I. INTRODUCTION**

1. Defendant CURO Health Services, LLC ("Defendant") terminated Plaintiff Tracie Hall's ("Plaintiff") employment because of her race and in retaliation for complaining of discrimination, in violation of Title VII of the Act of Congress known as the Civil Rights Act of 1964, 42 U.S.C. Section 2000e et seq., as amended by the Civil Rights Act of 1991 ("Title VII"), and 42 U.S.C. Section 1981and 42 U.S.C. Section 1981a.

2. Plaintiff also brings this action pursuant to the Uniformed Services Employment and Reemployment Rights Act ("USERRA"), 38 U.S.C. § 4301,

1

et seq.[1]

## II.  JURISDICTION, VENUE AND ADMINISTRATIVE PREREQUISITES

3.  The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343, 2201 and 2202 and 38 U.S.C. § 4323(b). Venue is proper in the Northern District of Alabama under 28 U.S.C. §1391(b), and the Southern Division pursuant to Title VII's venue provision, 42 U.S.C. § 2000e-5(f).

4.  Plaintiff has fulfilled all conditions precedent to the institution of this action under Title VII. Plaintiff timely filed her initial charge of April 30, 2019, which was within 180 days of the occurrence of the last discriminatory act. Plaintiff timely filed her lawsuit within 90 days of the receipt of her Right-To-Sue Letter from the Equal Employment Opportunity Commission, which was issued on December 6, 2019.

## III.  PARTIES

5.  Plaintiff is over (19) years old, is a citizen of the United States, is a resident of the State of Alabama and was employed in the State of Alabama by Defendant. Plaintiff is an employee as defined under Title VII, Section 1981 and 38 U.S.C.

---

[1] "Congress enacted USERRA 'to encourage noncareer service in the uniformed services by eliminating or minimizing the disadvantages to civilian careers and employment which can result from such service' and 'to minimize the disruption to the lives of persons performing service in the uniformed services as well as to their employers.'" (quoting 38 U.S.C. § 4301(a)(1), (a)(2)).

§ 4303(3).

6. Defendant, CURO Health Services, LLC, is a an entity subject to suit under Title VII and employs at least fifteen (15) persons. Defendant is an entity subject to suit under USERRA as defined under 38 U.S.C. § 4303(4).

## III. FACTUAL ALLEGATIONS

7. Plaintiff is a woman who is a Captain in the United States Air Force Reserve. She is also a Registered Nurse.

8. Plaintiff began working for Defendant on September 14, 2014 as an RN Case Manager.

9. When Plaintiff started working for Defendant she was responsible for providing case management services for hospice patients, who were seen in their homes.

10. Plaintiff eventually transferred to an On-Call Registered Nurse position, where she provided support for patients in their homes.

11. Throughout her employment with Defendant, Plaintiff performed her job well.

12. During the course of Plaintiff's employment, Defendant discriminated against Plaintiff by taking adverse employment actions against her, including paying her less than white employees, falsely disciplining her and trying to get patients to file false reports against her.

13. On March 21, 2017, Plaintiff filed an EEOC charge against Defendant for Defendant's discriminatory and retaliatory treatment of her. The parties are currently in arbitration.

14. Between May 9, 2018, and November 25, 2018, Plaintiff was on military leave.

15. During Plaintiff's time on military leave, Defendant acquired Kindred Hospice, resulting in Plaintiff obtaining a new employer.

16. However, Plaintiff's supervisors – including Executive Director, Dana Hanshaw – remained the same.

17. Upon Plaintiff's return from military leave, Defendant continued to discriminate and retaliate against Plaintiff in the terms and conditions of her employment.

18. When Plaintiff contacted Hanshaw to inform her of the end of her military leave and her return to Defendant, Hanshaw informed Plaintiff that she no longer had her job.

19. Although Plaintiff eventually received her job back, Hanshaw continued spreading remarks about Plaintiff, calling her a "troublemaker" to the other employees and not letting Plaintiff assist the newer employees.

20. This discrimination and retaliation resulted in Plaintiff's unlawful termination on April 19, 2019.

21. Defendant terminated Plaintiff's employment for pretextual reasons.

22. Plaintiff was replaced by a white female named Marlene Bingham, whom Defendant had hired two weeks before Plaintiff returned from military leave in November 2018.

23. Upon information and belief, on the same day that Plaintiff sent her paperwork indicating her intent to return to Defendant, Hanshaw hired Bingham and informed her that Plaintiff would not be returning to her position as an on-call nurse.

24. Bingham was the third on-call nurse hired at Defendant, and there were only two on-call nurse slots; therefore, Plaintiff's termination opened a position for her.

25. Defendant engaged in the misconduct alleged herein with malice and/or reckless indifference to the plaintiff's federally protected rights.

26. Defendant's articulated reason for its discriminatory treatment of Plaintiff is false and/or a pretext for discrimination. And, in the alternative, even if Defendant had legitimate reasons for the above stated actions it took towards Plaintiff, race discrimination remained at least a motivating factor in its decision.

**IV.  CAUSES OF ACTION**

### A.   COUNT I — WRONGFUL TERMINATION BASED ON RACE

27. Plaintiff re-alleges and incorporates by reference paragraphs 1-26 above with the same force and effect as if fully set out in specific detail herein below.

28. During the course of Plaintiff's employment, Defendant discriminated against Plaintiff by taking adverse employment actions against her as described in the above listed facts, including initially denying her a job upon return, inhibiting Plaintiff from fully performing her job functions, and terminating her employment, which constitute adverse employment actions.

29. Plaintiff may prevail under a mixed-motive theory, as even if Defendant had legitimate reasons for the actions it took towards her, race was at least a motivating factor in the adverse employment actions Defendant took against her.

30. Said racial discrimination was done maliciously, willfully, and with reckless disregard for the rights of Plaintiff.

31. Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged herein and this suit for backpay, declaratory judgment, injunctive relief, compensatory, and punitive damages is her only means of securing adequate relief.

32. Plaintiff is now suffering, and will continue to suffer, irreparable injury from

Defendant's unlawful conduct as set forth herein unless enjoined by this Court.

### B.     COUNT II – RETALIATION IN VIOLATION OF TITLE VII AND SECTION 1981

33. Plaintiff re-alleges and incorporates by reference paragraphs 1-32 above with the same force and effect as if fully set out in specific detail herein below.

34. Plaintiff opposed discrimination and engaged in protected activity by complaining of discrimination internally and filing an EEOC Charge and eventual lawsuit against Defendant.

35. After Plaintiff complained of discrimination internally Defendant retaliated against her in the manner described in the facts of this complaint..

36. There is a causal relationship between Plaintiff's opposition to discrimination and engagement in protected activity and the materially adverse employment actions taken against her by Defendant company shortly after she complained of discrimination, filed an EEOC Charge, and initiated a lawsuit against Defendant.

37. Said retaliation was done maliciously, willfully, and with reckless disregard for the rights of Plaintiff.

38. Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged herein and this suit for backpay, declaratory judgment,

injunctive relief, and compensatory and punitive damages is her only means of securing adequate relief.

39. Plaintiff is now suffering, and will continue to suffer, irreparable injury from Defendants' unlawful conduct as set forth herein unless enjoined by this Court

### C.   COUNT III – 38 U.S.C. § 4311(a) - Intentional Discrimination Against Plaintiff Because of her Performance of Service in the United States Army

40. Plaintiff re-alleges and incorporates by reference paragraphs 1-39 above with the same force and effect as if fully set out in specific detail herein below.

41. Plaintiff was a member of the uniformed services who also held civilian employment with Defendant.

42. Defendant discriminated against Plaintiff for her performance of service in the Army Reserve.

43. Plaintiff's obligation to perform service in a uniformed service was a substantial or motivating factor in the Defendant's discriminatory treatment of Plaintiff.

44. Defendant unlawfully and willfully discriminated against plaintiff in employment on the basis of plaintiff's obligation to perform service in a uniformed service in violation of 38 U.S.C. § 4311(a).

45. Plaintiff has no plain, adequate or complete remedy at law to redress the

wrongs alleged herein and this USERRA cause of action for backpay, injunctive relief, liquidated damages and attorney fees is her only means of securing adequate relief.

## VI. DAMAGES

46. Plaintiff has suffered embarrassment, humiliation, shame, damage to reputation, mental distress, emotional and physical pain and anguish, and lost wages as a consequence of Defendant's unlawful conduct.

## VII. Prayer for Relief

WHEREFORE, the plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

1. Issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of the defendant are violative of the rights of the plaintiff as secured by Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended, 42 U.S.C. § 2000e *et seq.*, and USERRA.

2. Grant Plaintiff a permanent injunction enjoining the defendant, its agents, successors, employees, attorneys and those acting in concert with the defendant and at the defendant's request from continuing to violate Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended, 42 U.S.C.

§ 2000e *et seq.*, and USERRA.

3. Enter an Order requiring the defendant to make Plaintiff whole by awarding her reinstatement, front pay, lost wages (plus interest), compensatory and punitive damages, liquidated damages, post judgment interest, loss of benefits including retirement, pension, seniority and other benefits of employment.

4. Plaintiff further prays for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorneys' fees and expenses.

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY**.

Respectfully submitted,

/s/ Jon C. Goldfarb
Jon C. Goldfarb asb-5401-F58J
L. William Smith asb-8660-A61S
Christina M. Malmat asb-1214-y44q
Lieselotte Carmen-Burks asb-8304-t46e
Counsel for Plaintiff

**OF COUNSEL:**
WIGGINS, CHILDS, PANTAZIS, FISHER,
& GOLDFARB LLC.
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
Telephone No.: (205) 314-0500
Facsimile No.: (205) 254-1500

**DEFENDANT'S ADDRESSES**:
**CURO HEALTH SERVICES, LLC**
C/o CT Corporation System
160 Mine Lake Court
Suite 200
Raleigh, NC 27615-6417